This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

**v.** NO. 35,106

**ALREE BERNIE SWEAT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Drigger, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant Alree Sweat appeals from his convictions for three counts of automobile burglary contending that there is insufficient evidence to support his convictions. This Court issued a notice of proposed disposition proposing to affirm Defendant's convictions. In response, Defendant has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

{2} In this Court's calendar notice, we proposed to conclude that there was sufficient evidence to support Defendant's convictions where there was expert testimony offered by the State establishing that Defendant's DNA was found either in the burglarized vehicles or on items that were removed from the vehicles at issue. [CN 2-3] Further, we noted that to the extent Defendant was directing this Court to his own expert's DNA testimony that contradicted the State's expert, such testimony goes to weight and credibility and are determinations this Court leaves in the hands of the fact finder. [CN 3 (citing *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogation on other grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683, for the proposition that this Court does not "weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict")]

{3} Defendant contends, in response, that his DNA expert testified regarding the State's handling of the DNA collection and assessment protocol. [MIO 2] Defendant's

2

DNA expert noted that "five separate DNA reference samples from the defendant were processed and that this seemed like an excessive quantity of cells to bring into 'an analytical environment where evidentiary material is also being processed.'" [MIO 2 (citing RP 74)] Defendant's DNA expert also noted that there "seem[ed] to be a lack of documentation in the case file—regarding chain of custody, and graphical DNA typing results." [Id.] In light of this testimony, Defendant contends that there is insufficient evidence to support Defendant's convictions.

**{4}** We reiterate that this Court gives deference to determinations of weight and credibility that are made by the fact finder. It is outside the purview of our role as an appellate court to reweigh evidence and make determinations regarding credibility. *See State v. Sanders*, 1994-NMSC-043, ¶ 13, 117 N.M. 452, 872 P.2d 870 (providing that, as an appellate court, we do not "substitute our judgment for that of the fact finder concerning the credibility of witnesses or the weight to be given their testimony"); *see also Tallman v. ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 7, 108 N.M. 124, 767 P.2d 363 ("An appellate court does not observe the demeanor of live witnesses, cannot see a shift of the eyes, sweat, a squirm, a tear, a facial expression, or take notice of other signs that may mean the difference between truth and falsehood to the fact finder."). In addition, to the extent Defendant's DNA expert pointed to a lack of documentation regarding the chain of custody, "[q]uestions

concerning a possible gap in the chain of custody affects the weight of the evidence[,]" *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896, and are, therefore, once again, an issue for the fact finder to resolve.

{5}     Accordingly, for the reasons stated above and those articulated in this Court's notice of proposed disposition, we affirm Defendant's convictions.

{6}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**